ALBERT FRANKLIN V. THE STATE.

*No. 448.    Decided March 27.*

1. **Murder—Perfect and Imperfect Self-Defense—Charge.**—On a trial for murder, where the court on the evidence adduced feels called upon to instruct the jury upon the law of perfect and imperfect self-defense, a charge is not sufficient if it simply embraces abstractions, which, though correct, are wanting in specification as to the particular facts to which they should be applied by the jury; and when applicable to particular acts or conduct, the jury should be informed of the legal consequences of such acts.

2. **Same—Grade of Offense.**—On a trial for murder, where the court instructed the jury, "Whenever a party, by his own unlawful acts, produces a condition of things wherein it becomes necessary for his safety to take life, etc., then the law imputes to him his own wrong, and its consequences to the extent that they may and should be considered in determining the grade of his offense, if any, which, but for such acts, would never have been occasioned;" *Held*, the charge was insufficient and incomplete in not making application of the law to the facts, and informing the jury of what grade of offense, if any, he would be guilty under the supposed case, as made, especially when the grade of offense of which defendant may be guilty reaches all the way from murder to justifiable homicide.

3. **Same—Provoking Difficulty and Its Effect Upon Self-Defense.**—If a wrongful act, whether illegal or not, be done with intent to provoke a difficulty with a view to taking the life of deceased, and such difficulty is thereby provoked and the necessity to take life produced, the right of self-defense is forfeited, and the killing is murder, though done to save the slayer's life. If the wrongful act be a violation of law and reasonably calculated to produce the occasion, then the right of self-defense is abridged, not lost, and the offense may be manslaughter. If the act, though wrongful, be not illegal, and be not intended to provoke a difficulty, nor reasonably calculated to produce the occasion and necessity for taking life, and the party kills to save himself, his right of self-defense remains perfect and complete. He is justified, and guilty of no offense.

APPEAL from the District Court of Bexar. Tried below before Hon. GEO. H. NOONAN.

The appeal herein is from a conviction for murder of the second degree, with the penalty assessed at a term of fifty years in the penitentiary.

This is the second appeal in this case. The first appeal was from a judgment of murder in the first degree, with the penalty assessed at death. Franklin v. The State, 30 Texas Crim. App., 628. All the facts on that appeal will be found incorporated in the opinion of the court, and the facts on this second appeal being substantially the same, it is unnecessary to reproduce them or make any further statement of the case.

No briefs have come to the hands of the Reporter.

HURT, PRESIDING JUDGE.—This is an appeal from a conviction of murder of the second degree, wherein the penalty was assessed at fifty years in the penitentiary.

This is the second appeal in this case. The former appeal is reported in 30 Texas Criminal Appeals, 628. The evidence there is set out in full, and being in the main the same upon this appeal, it is not deemed necessary to produce it here.

Upon the question of self-defense, the court charged the jury as follows: "A party may have a perfect right of self-defense though he may not be entirely free from blame or wrong in the transaction. If the blamable or wrongful act was not intended to produce the occasion, nor an act which was, under the circumstances, reasonably calculated to produce the occasion nor provoke the difficulty, then the right of self-defense would be complete, though the act be not blameless. But you are further charged, that a party can not avail himself of a necessity which he knowingly and willfully brought upon himself. Whenever a party, by his own wrongful act, produces a condition of things wherein it becomes necessary for his safety that he should take life or do serious bodily harm, the law imputes to him his own wrong and its consequences to the extent that they may be and should be considered in determining the grade of his offense, if any, which, but for such acts, would never have been occasioned. How far and to what extent he will be excused or excusable in law depends upon the nature and character of the act he was committing, which produced the necessity that he must defend himself. When his own original act was in violation of the law, then the law takes that fact into consideration in limiting his right of self-defense and resistance while in the perpetration of such unlawful act." These abstractions, while correct, are too general, and are wanting in specification. They are nowhere applied to the facts of the case, nor are the jury informed of the legal effect and consequences of such acts. The jury are left to make their own application of these abstract propositions, and to give to them such legal consequences as they may deem them to possess. It is not without difficulty that the judicial and trained mind can make their proper application, and it is not to be expected that the jury would correctly apply them. The law should have been applied to the phase of the case which it was intended to present. In the first paragraph of the above charge we presume the trial judge was referring to that phase of the case discussed by us in the last paragraph of our former opinion in this case; that is, if the defendant was not at the house of deceased for the simple purpose of obtaining a place to lodge, and, while awaiting the husband's return, with the permission of the wife, lay upon the bed, and while there was attacked by the husband, and to save his own life killed deceased, he would have been justifiable. If so intended, it should have been properly applied by the court, and the jury informed of the legal consequences of such acts.

The jury were told in another part of this charge above quoted: "Whenever a party, by his own wrongful act, produces a condition of things wherein it becomes necessary for his safety to take life, etc.,

then the law imputes to him his own wrong, and its consequences to the extent that they may and should be considered in determining the grade of his offense, if any, which, but for such acts, would never have been occasioned." But they are not informed of what grade of offense he would in any such case be guilty. The grade of offense of which such party may be guilty reaches all the way from murder to justifiable homicide. To illustrate: If the wrongful act, whether illegal or not, be done with intent to provoke a difficulty with a view of taking the life of deceased, and such difficulty is thereby provoked, and the necessity to take life produced, a killing under such circumstances, though done to save one's life, is murder. The right of self-defense is forfeited. He is estopped from claiming that such a killing was done in self-defense. To his claim that he killed to save his own life, the State replies: "True, but you brought about the necessity to take life by your own wrongful act, with the intent of provoking such a difficulty to afford the very excuse which you now offer." This is one grade of offense of which a party who, by his own wrongful act, brings about the necessity to kill, may be guilty. Again, if the wrongful act be a violation of law, and one reasonably calculated to produce the occasion, then the right of self-defense is abridged, but not lost. His claim that the killing was in self-defense is again met: "It is the result of your own wrongful and illegal act, which act was reasonably calculated to provoke such a deadly conflict; therefore you are not justifiable. But, inasmuch as such act was not done with a view of provoking a conflict, your right of self-defense is not wholly justified, but abridged." Of what offense is such person guilty? Not of murder, because that would be to hold in all cases, that if the act be calculated to provoke a difficulty, the conclusive presumption is that it was so intended. The facts and circumstances in many if not most cases would rebut such a presumption. Suppose that the defendant be overtaken in adultery with the wife of deceased, and, to save himself from a deadly attack, kills the deceased, of what offense is he guilty? This question was suggested by us in our former opinion, but not decided, because, as now, it was not presented in the record.

Speaking of this imperfect right of self-defense in Reed's case, 11 Texas Criminal Appeals, 509, this court said: "How far and to what extent he will be excused or excusable in law must depend upon the nature and character of the act he was committing, and which produced the necessity that he must defend himself. When his own original act was in violation of law, then the law takes that fact into consideration in limiting his right of defense and resistance whilst in the perpetration of such unlawful act. If he was engaged in the commission of a felony, and, to prevent its commission, the party seeing it, or about to be injured thereby, makes a violent assault upon him, calculated to produce death or serious bodily harm, and in resisting such attack he slay his assailant, the law would impute the original wrong to the homicide and make it murder. But if the original

wrong was or would have been a misdemeanor, then the homicide growing out of or occasioned by it, though in self-defense from an assault made upon him, would be manslaughter under the law. If defendant was taken by deceased in the act of adultery with his wife, and to avenge the wrong deceased made a dangerous or deadly assault upon him, in resisting which he took the life of deceased, under such a state of facts defendant would be guilty of manslaughter, because he was committing a misdemeanor, which was the cause of and brought about the necessity for the homicide. Carried to its legitimate extent, the charge of the court would make adultery a felony punishable with summary death, because it would require defendant to submit to death without an attempt to defend his life." We are of opinion, that the evidence in the record before us does not raise this issue, and did not call for a charge prescribing such a view of the law. But we have here answered the question for a fuller exposition and understanding of this doctrine of imperfect self-defense. But if defendant was not taken in the act of adultery, but went to the house of deceased for the purpose of having carnal intercourse with her, and deceased, believing that to be his purpose, attempted to kill him, and to save his own life defendant took that of deceased, of what offense would he be guilty? In our former opinion in this case, we said: "This question is very hard to solve. We believe, under the above state of case, he would be guilty of manslaughter. Upon what principle? (1) Because his acts were wrongful, though not criminal. Under the circumstances they were most fearfully calculated to produce the occasion or provoke the difficulty, especially when taken in connection with the conduct of the wife at the time deceased knocked and entered the door. (2) The reasonable and natural consequences of such conduct was to provoke the difficulty, and in fact did provoke it, and defendant should be held responsible for his reckless and daring acts."

For the failure of the court to so charge the jury, we held that the former judgment must be reversed. The present charge is no better in this respect, and wholly fails to present the law applicable to this phase of the case, or to inform the jury of what offense defendant would be guilty under such a state of case, but simply tells them, that such facts "are to be considered in determining the grade of his offense." Thus a party who, by his wrongful act, brings about the necessity to kill, may be guilty of this grade of offense—manslaughter. Again, and as we have already said, one may be guilty of a wrongful act, which produces the necessity to kill, and be guilty of no offense, though he take life. If the act, though wrongful, be not illegal, and be not intended to provoke a difficulty, nor reasonably calculated to produce the occasion and necessity for taking life, and the party kill to save himself, he is justified. As in this case, if the defendant was at the house of the deceased for the purpose of securing a place to lodge, and while awaiting the husband's return, with the permission of the wife, lay upon the bed, and deceased, finding him there, attacked him, and

defendant, to save his own life, killed deceased, he would be guilty of no offense; he would be justified. His acts, though imprudent, were not illegal, nor was he guilty of any moral wrong. He may not have been entirely blameless, and such acts may have been the occasion of the attack upon him; but from defendant's standpoint, under this state of case, they were not reasonably calculated to produce that result, and not being so intended, his right of self-defense remains complete. This is a phase of the case raised by the testimony of the wife and defendant in the record, and should have been presented to the jury. This the court failed to do, though his attention was directed thereto by special charge offered by defendant.

For the reasons indicated, the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.