## WILL SMITH v. THE STATE.

### No. 2988. Decided May 3, 1905.

**1.—Assault With Intent to Murder—Provoking Difficulty—Charge of Court.**

Where a charge of the court deprived appellant of the right of self-defense if he sought the meeting with the party assaulted for the purpose of provoking a difficulty, but omitted to instruct the jury that he must have done some act or made some statement indicating a purpose to arouse anger and provoke resentment on the part of the injured party, which act or conduct did provoke it, before his right of self-defense would be abridged, there was reversible error.

**2.—Same—Charge of Court—Self-Defense.**

Where the evidence showed from the State's standpoint that appellant made a violent assault upon prosecutor and appellant's testimony showed self-defense, the same did not authorize a charge on provoking the difficulty.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of assault with intent to murder; penalty, five years confinement in the penitentiary.

The opinion states the case.

No brief of appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, the punishment being fixed at five years confinement in the penitentiary.

The only question we deem necessary to pass upon is that ground of appellant's motion, wherein he complains, that the court erred in the charge of provoking the difficulty, which is as follows: "If you believe that the defendant committed the assault as a means of defense, believing at the time he did so, if he did do so, that he was in danger of losing his life or of serious bodily injury at the hands of said Will Kelly, then you will acquit the defendant, unless you further believe from the evidence beyond a reasonable doubt that the defendant sought the meeting with the said Kelly for the purpose of provoking a difficulty

with said Will Kelly, with intent to take the life of said Will Kelly, or to do him some serious bodiy injury as might probably end in the death of Will Kelly, and if you so believe from the evidence beyond a reasonable doubt, then you are instructed that if the defendant sought such meeting for the said purpose and with such intent, the defendant would not be permitted to justify on the ground of self-defense, even though he should thereafter have been compelled to act in his own self-defense; but if he had no such purpose and intention in seeking to meet the said Will Kelly, then his right of self-defense would not be forfeited, or impaired, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from danger or what reasonably appeared to him at the time to be danger." By this charge the court deprived appellant of the right of self-defense if he sought the meeting with the said Kelly, for the purpose of provoking a difficulty. Appellant may have sought the meeting for the purpose of provoking a difficulty, but this would not per se authorize a charge on provoking the difficulty. He must do some act, some overt act or make some statement indicating a purpose to arouse anger and provoke resentment on the part of the injured party, which act or conduct did provoke it, before his right of self-defense would be abridged. There is a long line of decisions on this question, wherein the doctrine of provoking the difficulty has been discussed, and we do not deem it necessary to repeat it here. Casner v. State, 2 Texas Ct. Rep., 559; 57 S. W. Rep., 821. The facts here do not authorize a charge on provoking the difficulty at all. Even if it did, the charge is erroneous. Here, the evidence shows, from the State's standpoint, that appellant made a violent assault upon prosecutor; he did not provoke him to fight, but began the fight, and beginning a fight is not provoking a fight within the contemplation of the law. If A runs after B with a razor, as appellant did, this is not provoking a difficulty, but is wantonly beginning one. If A approaches B, who is in the house, and shoots him, this is an assault and not provoking a difficulty. This is substantially the State's case. Appellant made an unwarranted assault upon prosecutor Kelly, first, with a razor, and subsequently returned and shot him through the body. Prosecutor begged defendant not to shoot. Defendant said nothing to cause prosecutor to resent or resist any indignity or insult, but took the initiative, and shot prosecutor, notwithstanding his earnest entreaty. Appellant in his testimony relied upon self-defense. The law of self-defense is an invaluable right. It should not be abridged unless the circumstances clearly warrant it. Here there are no facts upon which to predicate an abridgment of the right of self-defense.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*