## GENE ROWE V. THE STATE.

No. 22725. Delivered March 1, 1944.
Rehearing Denied May 10, 1944.

The opinion states the case.

*W. Joe Bryan,* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Gill L. Newsom,* Assistant District Attorney, both of El Paso, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of one year.

Appellant was engaged in the dairy business. H. R. Jones, the injured party, was employed to milk and feed his dairy cows. On the day in question each one had taken a few drinks of whisky. Late in the afternoon while Jones was milking, appellant came to the corral and expressed the opinion that the milking machine was running too fast. Jones became irritated at appellant's statement and remarked that he would quit. While Jones was pulling his rubber boots off and putting on his shoes, appellant shot him in the right hip with a pistol.

Appellant pleaded self-defense and testified at the trial that Jones made an attempt to strike him with an ax, but this was denied by Jones. Thus an issue of fact was raised which the jury decided adversely to him.

Bills of Exception Nos. 1, 2 and 3 relate to the same matter and may be disposed of together. These bills reflect that appellant proved by a number of witnesses that his general reputation for truth and veracity, as well as a law-abiding citizen, was good. The District Attorney, on cross-examination of each

of said witnesses, inquired of him if he had not heard that in April, 1943, about three months subsequent to the commission of the offense charged, he (appellant) was at the American Cafe in Ysleta, Texas, and there threatened to kill Bill Patterson, to which each witness replied in the negative. Appellant objected to the inquiry upon various grounds not necessary to state here.

Appellant at the proper time had filed a plea for a suspension of sentence in the event of his conviction. When the question of a suspension of sentence becomes an issue, the character of the accused at the time of his trial is a matter which the jury is to determine, not alone from his character prior to the time of the alleged offense but subsequent thereto up to the time of his trial. In support of the opinion here expressed, we refer to Mason v. State, 90 Tex. Cr. R. 560; 236 S. W. 93; Moore v. State, 161 S. W. (2d) 83; Hart v. State, 141 S. W. (2d) 648.

Appellant, in his brief as well as in his oral argument to this court, asserts that there was no basis for the asking of the question inasmuch as there was not any evidence adduced upon the trial that appellant threatened to kill Bill Patterson at the cafe; that the question was asked merely for the purpose of prejudicing him before the jury trying the case. Had his bill of exception shown that there was not any basis for the question and that it was asked for the purpose of prejudicing the jury against him, then a different question would have been presented, but his bill fails to show such to be the case and we would not be justified in assuming that the District Attorney had no information of such an occurrence. "A bill of exception should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error." Branch's Ann. Tex. P. C., p. 131, sec. 207, and authorities there cited. Consequently, appellant's bill of exception fails to reflect any error with respect to the question complained of.

All other matters complained of have been carefully considered by us but, in our opinion, they fail to reflect any error.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

. GRAVES, Judge.

Appellant again complains of the matters set forth in his bills of exception wherein upon cross-examination of appellant's character witnesses they were asked certain questions as to whether they had heard of appellant's supposed trouble with Mr. Patterson in a certain cafe. We quote from Underhill on Criminal Evidence, Section 82, p. 148, Second Edition, as the basis of the law allowing such a question to be propounded by the State's attorney:

"Evidence of specific acts of bad conduct is not admissible to show bad character. The accused may always be prepared to meet an attack on his general character, but cannot fairly be required, without notice, to controvert particular facts.

"It is error to permit a character witness to be cross-examined as to his own knowledge of particular acts of bad conduct by accused.

"But a witness to good character may be asked on cross-examination to list (test) his credibility whether he has heard rumors of particular or specific charges of the commission of acts inconsistent with the character which he was called to prove, and generally as to the grounds of his evidence, not so much to establish the truth of such facts or charges, as to test his credibility, and to determine the weight of his evidence. He may be asked if he has not heard some general report which contradicts the good reputation which he has been called upon to prove.

"A witness to the good character of the accused may properly be cross-examined as to particular facts which are within his knowledge to test the soundness of his belief that the character of the accused is good, and the facts on which it is founded. Thus, he may be asked on cross-examination whether he had not heard of a difficulty during which the accused had assaulted a person with a knife."

One's reputation of necessity is based upon hearsay, to the extent at least as to what the people say or think about such matter on one's own neighborhood. If there have occurred certain acts of misconduct, or if the State's attorney in good faith believes such acts have occurred, witness' knowledge of same, or lack of knowledge of same, would have some bearing on the weight to be given to his testimony as well as to his credibility.

Of course the good faith of the State's attorney in asking relative to certain rumors should be exercised, and if bad faith should be shown, a different question would present itself. See Vailone v. State, 147 S. W. (2d) 230. In the absence of a showing of bad faith, the presumption would apply that the officer acted in good faith in thus asking the question relative to the knowledge of the rumor as to the trouble with Mr. Patterson, the act of misconduct itself not being admissible.

Appellant also complains because the trial court failed to limit in his charge to the jury the matter relative to the purported trouble with Mr. Patterson, and he says that the trial court should have limited same in the consideration by the jury of appellant's application for a suspended sentence only. We find no such request in the record, and there are no exceptions or objections to the court's charge therein; therefore such complaint comes too late.

We adhere to the views expressed in our original opinion, and the motion is overruled.