DWIGHT GURVIS SMITH V. STATE

No. 29,158. October 9, 1957.

*Milton K. Norton* and *Curt Stiles*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Frank Watts* and *A. D. (Jim) Bowie*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder with malice; the punishment, 20 years in the penitentiary.

The state's testimony shows that on the evening of August 18, 1956, around 6:30 P.M., the appellant and the deceased, each of whom was 17 years of age, together with five other companions whose ages ranged from 16 to 20 years, met at the Reagan School in the Oak Cliff section of the city of Dallas. From the school they all left together in an automobile and drove to a liquor store where they purchased 30 cans of ale. They then drove to the "Cliff," which is described as being a bluff in a wooded area of the city, and consumed the ale. They then left and went from place to place where they purchased more beer and after they had purchased and consumed approximately 60 cans of beer they returned to the "Cliff" around midnight. After arriving at the cliff an argument arose between the deceased and Raymond Cryer over who would get the last can of beer. Each had a knife in his hand and, during the argument, Cryer handed his knife to the appellant at his request. Some thirty seconds later it was discovered that the deceased had been stabbed and appellant was heard to say, "I have already stabbed him" and after one of the boys grabbed the knife out of his hand, appellant said, "I am sorry but it is already too late."

The testimony further shows that the cause of death of the deceased was the stab wound inflicted on the night in question which penetrated through the chest into the heart.

Appellant did not testify but called his mother as a witness who testified that he had never been convicted of a felony in support of his application for a suspension of sentence.

The court submitted the case to the jury upon the law of both murder with and without malice and that of aggravated assault and instructed the jury under the provisions of Art. 36, V.A.P.C. that evidence of temporary insanity produced by the recent use of intoxicants may be considered in mitigation of the penalty. The issue of suspension of sentence was also submitted to the jury for their consideration.

We find the evidence sufficient to support the jury's verdict.

By Bill of Exception No. 1 appellant complains of the action of the court in permitting two of the state's witnesses to testify that his general reputation for being a peaceable and law-abiding citizen was bad over the objection that no predicate had been laid for such testimony in that appellant had not offered any testimony as to his character and reputation. The bill does not

reflect error. The appellant, by filing his application for a suspension of sentence, placed his reputation in issue, which authorized the state to introduce evidence on the issue. Taylor v. State, 157 Texas Cr. Rep. 124, 247 S.W. 2d 127 and Smith v. State, 162, Texas Cr. Rep. 237, 283 S.W. 2d 936.

By Bill of Exception No. 2 appellant complains of certain conduct and testimony of the state's witness Hicks in displaying to the jury a scar on his arm admitting upon cross examination that the reason he did so was to inform them that it had been inflicted by the appellant. It is further insisted in the bill that the court erred in overruling appellant's objection to the testimony and his request that the court instruct the jury to disregard the testimony, reprimand the witness and declare a mistrial. We find no error in the bill as qualified by the trial court, which qualification was accepted by appellant. Under the court's qualification, it is certified that the testimony of the witness as to his reason for displaying his arm to the jury was in response to questions propounded by appellant's counsel. The court further certifies in the bill that the contention that appellant requested the court to instruct the jury to disregard such testimony and reprimand the witness is not born out by the record and further that appellant did not ask for a mistrial.

By Bill of Exception No. 3 appellant insists that the court erred in overruling his objection to a certain question propounded to appellant's mother on cross examination by state's counsel and in refusing to instruct the jury not to consider the question and answer of the witness. It is certified by the court in his qualification of the bill that appellant expressly waived his original objection to the question and that he made no objection to the question or request that the court instruct the jury not to consider the question or its answer. Under the court's qualification, accepted by appellant, no error is shown.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.