W. W. WILLARD v. STATE

No. 32,084. June 22, 1960

Appellant's Motion for Rehearing Overruled October 12, 1960

*C. Mann Gregg,* Texas City, *Emmett F. Magee* (On appeal Only) Galveston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is sodomy, the indictment alleging that appellant used his mouth on the sexual parts of the 15-year-old boy named therein, who will be referred to herein as Donald. Appellant pleaded not guilty and filed application for suspension of sentence. The jury found him guilty and assessed his punishment at 10 years in the penitentiary.

Donald testified, and his testimony made a complete case of sodomy as charged. Appellant denied the act or any misconduct on the occasion.

It is contended that the evidence is insufficient to sustain the conviction because Donald was an accomplice witness and his testimony was not corroborated.

Donald testified that he agreed to the act because he felt a pistol in appellant's pocket and "was scared on account of that gun. I said, I don't care, because I have heard of guys doing it before—because you know, after they ask you, then they will shoot you if you don't let them."

The issue of whether Donald was an accomplice witness was submitted to the jury in a charge to which there were no objections. We cannot agree that he was an accomplice as a matter of law, but if he was there is sufficient corroboration of his testimony.

The scene of the crime was next to the Seawall on the beach at Galveston. Donald testified that he accompanied appellant to

the place from a closed concessions stand where appellant told his companions to stay, because appellant said he wanted to talk to him. According to Donald he was "leaning against the seawall on some little dug-in steps," and appellant was stooped down directly in front of and facing him when he committed the act charged.

Raymond, one of the boys who waited at the drink stand, testified:
"He told me and my brother to go down a way a little bit—

"Q. And after he told you and your brother to go down the ways a little, where did W. W. Willard and Donald go? A. Well, they were right at the steps and Donald was leaning up against the Seawall part there.

"Q. Who was leaning up against the Seawall there? A. Donald.

"Q. And where was W. W. Willard? A. He was kneeling down next to him—right in front of him.

"Q. Was he facing him? A. Yes sir.

"Q. Could you see what they were doing? A. No sir, I could not see quite what they were doing.

"Q. Now, how close to Donald, was W. W. Willard, when he was kneeling? A. He was about six inches.

"Q. About six inches? A. Yes sir.

"Q. And where was the head of W. W. Willard? A. Right down there by Donald——'s pants."

As soon as appellant left, Donald reported to his companions what had happened. The boys were soon joined by a boy named Ronnie, whom appellant had picked up after leaving Donald. They obtained the license number of appellant's automobile and went to a store and called the police. Appellant was located through the license number of his car.

Officers who took part in the apprehension of appellant testified that his general reputation for being a peaceable and law a-biding citizen was bad. On cross-examination of these witnesses it was shown that appellant had a habit of parking near a rest

room and had been warned that the next time he was found there he would be charged with vagrancy and would go to jail. One of the officers testified without objection that appellant "has a reputation of what he is being charged with."

Another witness who testified that appellant's reputation was bad, on cross-examination named three of the 15 persons, mostly boys of high school age, who he had testified had told him "things which detracted from his reputation."

Appellant called witnesses who testified that his reputation was good, for being a peaceable and law-abiding citizen. He complains that on cross-examination these witnesses were asked whether they had heard that on November 16, 1957, appellant committed an act of oral sodomy on a 15-year-old boy named Bobby there in Texas City, and that a charge against appellant grew out of that incident.

The question appears to have been in the form held proper on cross-examination. See Fogle v. State, No. 31,944, (page this volume), 339 S.W. 2d 664, and the cases there cited. There is no showing of bad faith on the part of counsel for the state in propounding the questions, which were answered in the negative.

The remaining ground for reversal relates to the impeachment of appellant's testimony by the testimony of Ronnie, the boy he picked up after leaving Donald. The testimony of Ronnie was on rebuttal to the effect that appellant had made an indecent proposal to him. It was introduced without objection, according to the record, and appellant is in no position to complain.

The judgment is affirmed.