JOHN D. EDMOND v. STATE

No. 32,103. June 25, 1960

638

*Scardino & Regnier,* by *Paul P. Regnier,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Neil McKay,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 30 years.

The evidence was undisputed that appellant killed the deceased by shooting him with a pistol.

The testimony of the state's witnesses showed that on the night of the killing, the appellant, while driving his automobile down a muddy road, came upon the deceased, Leroy Robinson and two others, James Gibbs and Willie Burnett, who were attempting to extricate Gibbs's automobile from where it had skidded into the ditch. Appellant being unable to pass, got out of his automobile and upon approaching the men asked them "to clear the road up." Burnett replied that he would just

as soon as he "pulled James Gibbs out of the ditch"; appellant said "I mean now" and then pulled a pistol on him. Burnett then stated to appellant "John D., don't shoot me, this is Willie. You know me." to which appellant replied "Yes, I know you, but I want the road cleared up." Appellant then walked over to the deceased, who had done or said nothing, slapped him and then backed up and shot him.

It was shown that the deceased died soon after the shooting from a gun shot wound in the chest.

It was further shown that appellant immediately left the scene and was arrested the following morning at which time he led the officers to the place where they found a .38 nine millimeter automatic pistol which appellant stated was the pistol he used in the shooting.

Appellant did not testify but called witnesses who testified in support of his application for a suspended sentence, that he never had been convicted of a felony and that his general reputation for being a peaceable law-abiding citizen was good.

Appellant predicates his appeal upon three contentions.

He first contends that state's counsel committed reversible error when, on re-cross examination of appellant's wife, he asked the following question: "Q. Have you heard that about a week before this incident that your husband pulled a gun on a boy named Theotis and threatened to kill him?" The wife had testified on her re-direct examination that she knew the appellant's reputation in the community for being a peaceable and law-abiding citizen and that it was good. The question propounded to her as a character witness was clearly proper and permissible to test her credibility. Durhart v. State, 167 Tex. Cr. R. 150, 319 S.W. 2d 109. See also 39 Tex. Digest, Witnesses #274(2); and cases there cited.

Appellant next insists that the court erred in admitting the evidence of appellant's statements to the officers after his arrest which led to the finding of the murder weapon, over the objection that appellant was under an illegal arrest and was not warned that the evidence might be used against him. The testimony shows that prior to appellant's arrest, the arresting officer had information that the killing had occurred and that appellant was wanted "for the shooting." With such

information appellant's arrest by the officers without a warrant was authorized under Art. 215, V.A.C.C.P. Appellant's statements to the officers after his arrest which led to the finding of the murder weapon were admissible as an oral confession under the provisions of Art. 727, V.A.C.C.P.; Bingham v. State, 163 Tex. Cr. R. 352, 290 S.W. 2d 915.

Appellant's remaining contention is that the court erred in permitting the state's character witness, Thomas, to testify to the bad reputation of appellant when it was shown that his testimony was based upon things which he had heard about the appellant after the killing. Appellant, by filing his application for a suspension of sentence placed his reputation in issue. Smith v. State, 165 Tex. Cr. R. 137, 305 S.W. 2d 571. When the question of a suspended sentence becomes an issue, the jury is entitled to consider the reputation of the accused up to the time of trial. The inquiry with reference to such reputation is not limited to the date of the offense but is the subject of inquiry up to and including the time of trial. Moore v. State, 144 Tex. Cr. R. 145, 161 S.W. 2d 83 and Rowe v. State, 147 Tex. Cr. R. 260, 179 S.W. 2d 962.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.