**Porter SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40082.**

Court of Criminal Appeals of Texas.

Feb. 15, 1967.

**550**

Billy Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The appellant was tried in the District Court of Hale County on an indictment charging him with the murder with malice of one Frank Richson. He was convicted and his punishment assessed at ten years confinement in the penitentiary. Notice of appeal was given on June 2, 1966.

The State's evidence, with some minor inconsistencies, shows that on the evening of May 16, 1965, the appellant, the deceased, and their friends, most of whom played in a dance band, were at a dance at the Roughhouse Cafe in the City of Plainview. A fight or disturbance in which none of the parties or the witnesses was involved broke up the dance at approximately 9:00 p. m. As the appellant, the deceased, and their friends got into appellant's automobile with their musical instruments, the appellant and the deceased engaged in an argument of undetermined origin. The argument resulted in the appellant striking the first blow and the deceased retaliating. As they left the automobile to continue the scuffle they were separated by their friends. At such time the appellant was heard to tell the deceased, "You hit me in the eye * * * you are a dead man." The appellant Smith then left alone in his own automobile driving fast. The deceased and most of those left behind subsequently entered Albert (Baby Ray) Coleman's 1955 Oldsmobile. At the intersection of Austin and Henry Streets those in the Coleman car saw the appellant sitting in his automobile talking to James White. John Lewis White, Johnnie Mae and Freddy White (appellant's sister-in-law and her husband) left the Coleman car, approached the appellant, observed that he had a .25 caliber pistol, and heard him say, "He did me wrong. He hit me in the eye." Johnnie Mae took the pistol from the appellant, and the trio rode with the appellant to the home of John Lewis White where the appellant's wife and children were staying.

Shortly thereafter the deceased and others arrived in Baby Ray Coleman's car and parked without blocking the driveway. The deceased remained in the car. The appellant, having regained possession of the pistol, approached the Coleman car. The appellant's wife, Alice Smith, pleaded with him, "Don't do it Porter. If I can't talk to you, who can?" The appellant apparently struck or shoved his wife down.

The appellant then fired one shot at the deceased in the Coleman car, who then crawled into the back seat of the car from the front. The appellant then opened the car door and fired two more shots. After three shots were fired the deceased lunged out of the car at the appellant who fired two more shots and deceased fell on the ground. At such time the appellant was heard to exclaim, "You did me wrong, hit me in the eye, I'll kill you."

When the police officers arrived, after receiving a call at 9:30 or 9:35 p. m., the appellant told them, "I am the one that shot him and here is the gun in my pocket." The cause of death was stipulated as a bullet wound in the neck of Frank Richson, the deceased.

The appellant, testifying in his own behalf, related that on the day in question he left his home in Earth, Texas, and arrived in the City of Plainview with his wife and six children. Leaving his wife and children at the home of John Lewis White, he arrived at the Roughhouse Cafe at approximately 3:00 p. m. He stated he attempted to prevent the deceased from becoming involved in the disturbance that terminated the dance; that an argument ensued as they were leaving in his automobile; that the deceased cursed him, struck him, dragged him from the car, hit him in the eye, and knocked him up against the automobile. When the appellant and deceased were separated the appellant related he got the pistol from his car, loaded it and returned alone to John Lewis White's house about seven blocks away. He revealed that he left the scene at the Roughhouse to keep from having trouble and because he was afraid of the deceased. He denied threatening the deceased or stopping at the intersection of Austin and Henry Streets where other witnesses placed him, or that others were with him when he arrived at the White house.

He related that as his wife and children were getting in his automobile for the purpose of returning home an Oldsmobile drove up and "blockaded" the drive preventing him from leaving. He testified he requested Freddy White to ask the driver to move the Oldsmobile, but was told to, "Tell him yourself." He denied any difficulty with his wife at such time, which denial is supported by his wife's testimony. The appellant Smith further testified that as he approached the Oldsmobile he observed someone in the back seat, but he did not know who it was as it was dark and that he asked the person to move the car at which time the deceased Richson said, "I am going to get you", opened the car door, got out, shoved the appellant away from the car, slammed the car door and knocked appellant down at which time the appellant fired three shots. When the deceased continued the attack, and "come in on a crouch over me", the appellant testified he fired two more shots and deceased fell on his left arm. He related that he did not intend to kill, but acted in self defense as he was afraid deceased was going to kill or seriously hurt him. While he did not see a weapon in the possession of the deceased at the time of the shooting. the appellant stated he had seen the deceased with a knife, an East Dallas Special, earlier in the day.

We feel that the foregoing is a fair summary of approximately 290 pages of testimony, and is sufficient to bring in review appellant's grounds of error.

The appellant urges 27 grounds of error, but the one we regard as most material is the court's charge on self-defense in connection with the charge on provoking a difficulty by the appellant.

In paragraph 11 the trial court in subparagraphs A through D charged abstractly

on the law of self-defense, and in subparagraphs E and F he charged abstractly on the law of provoking the difficulty.

In paragraph 12 of the court's charge the law of self-defense was applied to the facts, but we are unable to find in the charge where the court applied the law of provoking the difficulty to the evidence.

The appellant objected to the manner of the submission of the charge on self-defense and objected to the charge on provoking the difficulty being given. Appellant requested three special charges dealing with the law of self-defense; all of which were overruled.

■ We need not determine whether provoking the difficulty should have been given, for in charging only abstractly on the law of provoking the difficulty the learned trial judge fell into error. Carter v. State, 37 Tex.Cr.R. 403, 35 S.W. 378; Franklin v. State, 34 Tex.Cr.R. 286, 30 S.W. 231; Morgan v. State, 34 Tex.Cr.R. 222, 29 S.W. 1092; Saens v. State, Tex.Cr. App., 20 S.W. 737.

■ Since a charge on provoking the difficulty is a limitation on the law of self-defense, the charge on provocation should cover the particular facts in evidence and should be so worded as to preclude the jury from misapplying it. Mason v. State, 88 Tex.Cr.R. 642, 228 S.W. 952; Sorrell v. State, 74 Tex.Cr.R. 505, 169 S.W. 299.

The danger of charging only abstractly on provoking the difficulty without telling the jury the nature and quality of the act or acts which would operate to limit the right of self-defense or the extent to which the right would be abridged is well described in Morgan v. State, supra.

■ This Court has said many times before that a charge which deprives the appellant of the right of self-defense if he intended to provoke a difficulty is erroneous if it fails to require the jury to find that he did or said something which was reasonably calculated to and which did provoke it. Frank v. State, 120 Tex.Cr.R. 350, 49 S.W.2d 759; Jones v. State, 99 Tex.Cr.R. 50, 267 S.W. 985; Cottom v. State, 91 Tex. Cr.R. 534, 240 S.W. 918; Mason v. State, 88 Tex.Cr.R. 642, 228 S.W. 952; Hammonds v. State, 82 Tex.Cr.R. 387, 198 S.W. 944; Ware v. State, 68 Tex.Cr.R. 376, 152 S.W. 1074; Smith v. State, 48 Tex.Cr.R. 203, 87 S.W. 151.

■ When self-defense is an issue the charge on provoking the difficulty should be in a distinct paragraph and should not be intermingled so as to confuse the jury and to deprive the appellant of a separate, distinct and affirmative charge on self-defense apart from and untrammelled by the issue of provoking the difficulty. 4 Branch's Ann.P.C.2d Sec. 2136, p. 469.

■ While it does not appear that appellant in the case at bar requested such a charge, or objected specifically to the failure of the court to give such a charge, it is observed that where a judge instructs the jury on the effect of provoking a difficulty he should also instruct on the converse of the proposition, and instructions on such converse should be given from the appellant's viewpoint untrammelled by any extra burden or insinuation. 29 Tex.Juris.2d, Sec. 328, p. 637. See Sorrell v. State, 74 Tex.Cr.R. 505, 169 S.W. 299.

■■ The appellant in the case at bar objected to the failure of the trial court to charge on the relative size and strength of the parties with regard to the self-defense charge in view of the evidence that the deceased was somewhat the larger man. This Court has previously held that even though appropriate under the facts the trial court is not required to charge on the relative size and strength of the parties where an unrestricted charge on self-defense is given. Powers v. State, Tex.Cr.App., 396 S.W.2d 389; Gilbert v. State, 170 Tex.Cr.R. 335, 340 S.W.2d 808; Leonard v. State, 169 Tex. Cr.R. 147, 332 S.W.2d 562. See 4 Branch's Ann.P.C.2d, Sec. 2313. The charge in the

case at bar having restricted the appellant's right of self-defense the court should have, upon appellant's objection, charged on the relative size and strength of the parties, and in failing to do so erred.

■ By Appellant's Special Requested Charge No. 2, which was refused, he requested a charge in connection with the law of self-defense, on the right of the appellant to act and resist an unlawful or threatened attack so long as it reasonably appeared to him, as viewed from his standpoint at the time that he was in danger. It is undisputed that there was a change in the position of the parties at the time of the killing, and the appellant's testimony showed continuing danger. Under the facts and circumstances of the case, even though the shots were apparently fired in fairly rapid succession, it was error to fail to charge the jury that if the appellant had the right to act and resist the attack or the right to fire the first shot, then he had a right to continue to act and resist the attack, or continue shooting until the danger had ceased. Bayer v. State, 96 Tex.Cr.R. 310, 257 S.W. 242; Waters v. State, 80 Tex. Cr.R. 573, 192 S.W. 778; Best v. State, 61 Tex.Cr.R. 551, 135 S.W. 581; Smith v. State, 57 Tex.Cr.R. 455, 123 S.W. 698.

■ The State in its brief cites Conn v. State, 143 Tex.Cr.R. 367, 158 S.W.2d 503, as justifying the refusal of the court to give a charge on the right to continue to shoot. As pointed out in Conn v. State, supra, whether or not such an instruction is required depends upon the facts of the particular case. We feel that Conn v. State, supra, is distinguishable on its facts from the case at bar, and that the trial court erred in failing to respond to Appellant's Special Requested Charge No. 2.

It is clear from what has been said that for the errors described the cause must be reversed and remanded.

■ Since a new trial will be required we shall review additional grounds of error urged by appellant which might

have a bearing thereon. One of these grounds of error relates to the trial court's failure to respond to appellant's objection and charge the jury on the lesser offenses of assault with intent to murder, aggravated assault and simple assault. Instructions on these offenses need not be given unless they are called for by the evidence and this depends upon the facts and circumstances of each case. 29 Tex.Juris.2d Sec. 286, p. 533, 534. These charges are not called for by the evidence in the case at bar. The mere denial by the appellant of an intent to kill, standing alone, is not sufficient to raise these issues. See Royal v. State, 154 Tex.Cr.R. 567, 228 S.W.2d 162. Ordinarily the failure to give a charge on aggravated assault or simple assault is not error where the appellant killed the deceased with a deadly weapon per se. Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123; Turner v. State, 148 Tex.Cr.R. 491, 187 S.W.2d 991; Richards v. State, 147 Tex.Cr.R. 118, 178 S.W.2d 517; Blanton v. State, 144 Tex. Cr.R. 198, 161 S.W.2d 1063. In passing we note that the defense raised by the appellant was self defense. We do not believe that the Court erred in failing to submit the lesser offenses to the jury under the facts of the case at bar. See Preble v. State, Tex. Cr.App., 374 S.W.2d 444, cert. den. 379 U.S. 882, 85 S.Ct. 151, 13 L.Ed.2d 88.

■ Another of appellant's many grounds of error relates to the admission into evidence of State's Exhibits Nos. 14, 15 and 16, which were photographs of the body of the deceased. The appellant contends that the pictures were highly inflammatory and prejudicial and did not prove any point in issue which had not already been verbally testified to by several witnesses. The photographs were in black and white and depicted the partially clothed body of the deceased at the Plainview Hospital and revealed the position of the wounds. It is to be observed that an issue was made as to the respective position of the appellant and deceased at the time of the killing. The State's testimony shows that the deceased crawled from the front to the

back seat of the Oldsmobile when the appellant began to shoot and that the deceased was bent over when the appellant shot through the door. The appellant in his testimony contended that the deceased opened the door of the Oldsmobile, knocked appellant away from the car and was approaching the appellant when the first shot was fired. Appellant related he acted in self-defense. This Court has held that photographs are admissible in homicide cases to resolve disputed issues. Burns v. State, Tex.Cr.App., 388 S.W.2d 690, reversed on other grounds, Burns v. Beto, 5th Cir. U. S. Court of Appeals, 371 F.2d 598; Alcorta v. State, Tex.Cr.App., 294 S.W.2d 112. No error is shown.

 Three of appellant's grounds of error relate to the action of the trial court in permitting the District Attorney, over appellant's objection, to cross examine character witnesses by asking if they had heard that appellant had, on a previous occasion, cut up his father-in-law without offering proof of the other transaction.

It appears from the record that the District Attorney asked the character witnesses if they had heard of a specified act of misconduct, not if they knew of specific acts of misconduct of the accused. We perceive no error.

It has been held that witnesses attesting the good reputation of an accused may, as affecting the weight, credibility and sincerity of their testimony, be asked upon cross-examination as to whether they have heard of acts of the accused inconsistent with that reputation. Vance v. State, Tex. Cr.App., 365 S.W.2d 182; Linton v. State, 171 Tex.Cr.R. 213, 346 S.W.2d 320; Willard v. State, 170 Tex.Cr.R. 118, 338 S.W.2d 472; Edmond v. State, 169 Tex.Cr.R. 637, 336 S.W.2d 946.

In view of the stipulation that the cause of death was due to a bullet wound of the neck, we can find no reversible error in the admission into evidence, over appellant's objection, of the X-rays or the books kept at the Plainview Hospital on the grounds that the proper predicate had not been laid. The cause of death was in substance what the doctor testified about.

We have carefully considered appellant's remaining grounds of error, and have concluded that in a re-trial they are not likely to re-occur.

The judgment is reversed and the cause remanded.