**Elmer Nelson KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45653.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 21, 1973.

John H. Regner, Houston, for appellant.

Carol S. Vance, Dist. Atty., J. C. Brough, Calvin Botley and Ray Montgomery, Asst. Dist. Attys., Houston and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The appellant was convicted of murder without malice by a jury, which assessed his punishment at five (5) years.

The evidence is ample to show that he shot and killed his wife with a pistol, after shooting his step-son in the hip, but since the sufficiency of the evidence is not in question, it would serve no useful purpose to recount the details.

Appellant incorrectly contends as his only ground of error that the court erred in permitting the State, on cross-examination of appellant's reputation witness, to ask if the witness had heard that appellant was accused of murder in 1948 and convicted of theft in Maryland in 1942 and granted probation.

It is well established that witnesses attesting to the good reputation of an accused may be asked upon cross-examination as to whether they have heard of acts of the accused inconsistent with that repu-

tation. Sanders v. State, Tex.Cr.App., 453 S.W.2d 162; Smith v. State, Tex.Cr.App., 411 S.W.2d 548; Vance v. State, Tex.Cr. App., 365 S.W.2d 182; Edmond v. State, 169 Tex.Cr.R. 637, 336 S.W.2d 946.

■ Moreover, the witness, in response to State's question, testified he had not heard of these acts. Absent a showing of bad faith on the part of the prosecutor, such questions are proper. Blanco v. State, Tex.Cr.App., 471 S.W.2d 70, and Sanders v. State, Tex.Cr.App., 453 S.W.2d 162.

There being no error, the judgment is affirmed.

Opinion approved by the Court.