NUMBER 13-03-00081-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DUSTIN JOHN LOWRY, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 404th District Court of Cameron County, Texas.

 

 

DISSENTING MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Baird (1)


Dissenting Memorandum Opinion by Justice Baird


 While I agree with the majority that the evidence is legally and factually sufficient to
support the jury's verdict, I believe the trial judge erred by instructing the jury on provoking
the difficulty. Accordingly, I would sustain the fourth and sixth points of error and reverse
the trial court's judgment. Because the majority does not, I respectfully dissent.

I. PROCEDURAL POSTURE.

 On March 3, 2005, the trial judge appointed a special prosecutor to represent the
State in this appeal. See Tex. Code Crim. Proc., art. 2.07. However, the special
prosecutor has failed to file a reply brief. Under Texas Rule of Appellate Procedure 38.3,
the State's reply brief is not a condition precedent to our resolution of this appeal. See
Tex. R. App. P. 38.3. When confronted with this situation, we treat the State's failure to file
a brief as a confession of error. Siverand v. State, 89 S.W.3d 216, 220 (Tex. App.-Corpus
Christi 2002, no pet.). Pursuant to Siverand, we will review appellant's points of error and
limit any opposing arguments to those advanced by the State in the trial court. Id.

II. BACKGROUND AND FACTUAL SUMMARY.

 The evidence shows that during a fight on a beach appellant fatally stabbed the
decedent with a knife. Appellant admitted to the stabbing but claimed he acted in self-defense. All of the surviving parties to the fight and several bystanders testified. Their
testimony was often inconsistent and contradictory.

 During Spring Break of 2002, appellant and several of his friends were at Coca Cola
beach on South Padre Island. They had a video camera which they left idle as they played
on the beach. The decedent, his wife, Eneida Gonzalez, and their friend, Ramon Salazar,
were also at that beach. They saw the camera, picked it up and continued leaving the
beach. Susan McRae, who was also at the beach, told appellant's party that the
decedent's party had taken the camera. Appellant's party confronted the decedent's party
in an effort to retrieve the camera. A fight ensued: appellant fought the decedent; and his
friends fought Salazar, the decedent and/or Gonzalez. 

 Gonzalez saw appellant pull a knife and wave it at the decedent who was unarmed. 
She saw the decedent walk away from the melee toward the ocean but later saw the
decedent on the ground fighting with appellant. Gonzalez attempted to break up the fight
between the decedent and appellant. As the fight ended, she heard appellant say, "That's
what you get for stealing." Another witness saw the decedent being stabbed. The
evidence is undisputed that appellant was the only person with a knife. After the melee
appellant stated that he had "shanked" the decedent. The coroner testified the decedent
died from a stab wound to the chest. (2) 

III. PROVOKING THE DIFFICULTY.

 The trial judge instructed the jury on the law of provoking the difficulty. Appellant
contends that instruction was erroneous in two separate respects: (1) it was not raised by
the evidence; and (2) it did not apply the law of provoking the difficulty to the facts of the
case.

A. Provoking the Difficulty Was Not Raised by the Evidence.

 The doctrine of provocation is codified in Section 9.31(b)(4) of the Penal Code. A
charge on provocation is required when there is sufficient evidence (1) that the defendant
did some act or used some words which provoked the attack on him, (2) that such act or
words were reasonably calculated to provoke the attack, and (3) that the act was done or
the words were used for the purpose and with the intent that the defendant would have a
pretext for inflicting harm upon the other. Smith v. State, 965 S.W.2d 509, 513 (Tex. Crim.
App. 1998). An instruction on provocation should only be given when there is evidence
from which a rational jury could find every element of provocation beyond a reasonable
doubt. Id.

 The first element, that the defendant did some act or used some words which
provoked the attack on him, triggers the inquiry into whether the issue of provocation may
be present in the case. Absent any evidence that an act or words of the defendant caused
the attack on him, the case merely involves the question of which of the two parties used
unlawful force. Id.

 The second element of provoking the difficulty is that the defendant's acts or words
were reasonably calculated to provoke the attack. This ensures that a defendant will not
lose his right of self-defense over acts or words which cause an unwarranted attack. An
act may actually cause the attack on the defendant, but if it was not reasonably calculated
to do so, the defendant will not lose his right of self-defense. Id.

 The third element requires that the act was done, or the words were used, for the
purpose and with the intent that the defendant would have a pretext for killing the victim. 
Even though a person does an act, even a wrongful act, which does indeed provoke an
attack by another, if he had no intent that the act would have such an effect as part of a
larger plan of doing the victim harm, he does not lose his right of self-defense. Id.

 None of these three requirements are present in the instant case. Undisputably, the
act which "provoked" this altercation was the taking of the camera by the decedent's party. 
Appellant's party was not aware of this until notified of the taking by Susan McRae. (3) There
is no evidence that appellant spoke any words or engaged in any act that caused the
decedent to attack. (4) In fact, there is no evidence that the decedent ever attacked
appellant. Since there were no such words or acts by appellant and no attack by appellant,
clearly appellant did nothing that was reasonably calculated to provoke the attack. 
Consequently, the case involved only the question of whether appellant or the decedent
used unlawful force. Finally, there is no evidence appellant engaged in conduct with the
intent that appellant would have a pretext for killing the decedent. (5) Consequently, the trial
judge erred in instructing the jury on provoking the difficulty.

 The question is now one of harm stemming from the erroneous instruction. In the
instant case, the charge was read to the jury and then the trial judge recessed the
proceedings for lunch. But before the closing arguments were presented appellant
objected to the provocation instruction and lodged other objections to the charge. The
judge entertained those, heard the State's responding arguments and overruled each
objection. Conceivably, this presents an issue of whether appellant's objections were 
timely. Tex. Code Crim. Proc., art. 36.14 ("Before said charge is read to the jury, the
defendant or his counsel shall have a reasonable time to examine the same and he shall
present his objections thereto ..." Emphasis supplied.) Accordingly, I will consider whether
the error caused egregious harm. Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App.
1985). Errors which result in egregious harm are those which affect "the very basis of the
case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." Id.,
686 S.W.2d at 172. Direct evidence is not required to establish egregious harm. Castillo-Fuentes v. State, 707 S.W.2d 559, 563, n. 2 (Tex. Crim. App. 1986).

 The instruction was harmful for each of those reasons. The evidence clearly
established that the decedent was killed by appellant. The only issue before the jury was
whether the fatal act was criminal or justified as self-defense. Provoking the difficulty is a
concept in criminal law which acts as a limitation or total bar on a defendant's right to self-defense. Smith, 965 S.W.2d at 512 (emphasis supplied) ("[I]f the defendant employs
provocation with intent to assault the victim, and provokes an attack and makes an assault,
then self-defense is lost as to the assault."). The erroneous instruction on provoking the
difficulty affected the very basis of the case, deprived appellant of the valuable right, and
vitally affected the theory of self-defense. (6) Accordingly, I would find the error was egregious
and sustain the sixth point of error.

B. Failure to Apply the Law to the Facts of the Case.

 Additionally, I would sustain the fourth point of error which contends the trial judge
failed to apply the law of provoking the difficulty to the facts of the case. When this
objection was raised in the trial court, the State responded that the instruction contained
in the charge was "right out of the Code" and, therefore, entirely proper.

 In Smith v. State, 411 S.W.2d 548 (Tex. Crim. App. 1967), the defendant made the
same arguments -- that the trial judge erred in instructing on provoking the difficulty and
in failing to apply that instruction to the particulars of the case. The Smith Court held:

 We need not determine whether provoking the difficulty should have
been given, for in charging only abstractly on the law of provoking the
difficulty the learned trial judge fell into error. Carter v. State, 37 Tex. Crim.
403, 35 S.W. 378; Franklin v. State, 34 Tex. Crim. 286, 30 S.W. 231; Morgan
v. State, 34 Tex. Crim. 222, 29 S.W. 1092; Saens v. State, Tex.Cr.App., 20
S.W. 737.


 Since a charge on provoking the difficulty is a limitation on the law of
self-defense, the charge on provocation should cover the particular facts in
evidence and should be so worded as to preclude the jury from misapplying
it. Mason v. State, 88 Tex. Crim. 642, 228 S.W. 952; Sorrell v. State, 74 Tex.
Crim. 505, 169 S.W. 299.


 The danger of charging only abstractly on provoking the difficulty
without telling the jury the nature and quality of the act or acts which would
operate to limit the right of self-defense or the extent to which the right would
be abridged is well described in Morgan v. State, supra.


Id. at 552.

 For the reasons stated in the harm analysis above, I would also find the error to
have caused egregious harm. Almanza, supra. Certainly, the argument advanced by the
State in the trial court does nothing to alter this conclusion. Siverand, 89 S.W.3d at 220. 
Accordingly, the fourth point of error should be sustained.

IV. CONCLUSION.

 For the foregoing reasons, I would sustain the fourth and sixth points of error, and
reverse the judgment of the trial court. Because the majority does not, I respectfully
dissent. 

 CHARLES F. BAIRD,

 Justice

 

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Dissenting Memorandum Opinion delivered 

and filed this the 7th day of February, 2008.
1. Retired Justice Charles Baird assigned to this Court by the Chief Justice of the Supreme Court of
Texas pursuant to the government code. See Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. There was conflicting testimony over whether the camera was stolen by appellant's party or merely
being held by them until the rightful owner claimed it, who started the fight and whether appellant's actions
were in self-defense or an unjustified killing. 
3. McRae testified that she left the beach after notifying appellant's party about the camera because
she thought decedent's party "were going to come over and get mad at me for telling on them." 
4. Appellant's testimony is that he told the decedent to back up and get away but that the decedent
charged at appellant. 
5. There is no evidence from any source that appellant and the decedent knew each other before the
altercation. As noted in footnote 3, supra, appellant's party would not have ever confronted the decedent's
party without first being informed by McRae. Consequently, there was no reason for appellant's party to
confront the decedent's party but for the purpose of reacquiring the camera. In sum, there is no evidence
appellant had any motive to provoke an altercation with the decedent to have a pretext for killing him.
6. In Sanchez v. State, 209 S.W.3d 119, 121 (Tex. Crim. App. 2006), the Court of Criminal Appeals
recognized under its construction of Article 36.19 of the Code of Criminal Procedure jury-charge error may
be regarded as "fundamental."