J. D. BÁRKLEY V. STATE.

No. 23944. Original Opinion Withdrawn March 17, 1948.
State's Motion for Rehearing Granted May 19, 1948.
Appellant's Motion for Rehearing Denied November 3, 1948.

Hon. Luther Gribble, Judge Presiding.

John Deaver, of Memphis, and C. C. McDonald, of Wichita Falls, for appellant.

Leonard King, District Attorney, of Childress, Burks & McNeil, of Lubbock, and Ernest S. Goens, State's Attorney, of Austin, for the State.

### ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of fifteen years.

On original submission of this case, we reversed the judgment of conviction on what we considered a sufficient objection to the court's charge. The state, by and through its able attorneys, has filed a well prepared motion for a rehearing specifically directing our attention to the fact that appellant's objections to the charge of the court were mainly addressed to paragraph 18, whereas, in our original opinion, we gave the language of the objection a more comprehensive construction than may have been justified which requires a further discussion of the question. Therefore, we have decided to withdraw the original opinion and substitute this one therefor.

For a better understanding of the questions involved and the law applicable to the issues, we deem it only proper to here state the salient facts proven on the trial.

Appellant and deceased were employed by the Fort Worth and Denver Railroad Company in its shops located at the town of Childress. It appears from the record that some resentment had arisen in the mind of the deceased against appellant by reason of the fact that the deceased had been informed, or at least had conceived the idea, that appellant had made some report to Mr. Roach, the Superintendent of the Motive Power at the shop, concerning him, the deceased; that on the morning of the day in question he, the deceased, inquired of Mr. Kilgore, who was also employed by said Railroad Company, if that s-- of a b---- (meaning appellant) had been talking about him again. Mr. Kilgore assured him that appellant had said nothing con-

cerning him. Appellant testified that the first difference which arose between himself and deceased occurred on Friday preceding the Wednesday on which the killing occurred; that on that occasion the deceased picked up a hammer and inquired of appellant what he had been telling Mr. Roach on him, to which he replied, not a thing, whereupon, deceased remarked, "You are a Goddamned liar. I am going to find out tomorrow and if you did, I'll bury this hammer in your Goddamned head." On Sunday preceding the day of the killing, appellant went to a drug store to purchase a newspaper and while there he saw the deceased walk around the corner of the drug store out of sight. Appellant then left, went to his automobile, and started to drive away when the deceased came back from around the corner of the drug store and said, "Run you s-- of a b----, I will kill you yet." The next unpleasantness occurred between them on Monday morning at the railroad shop, at which time the deceased had a bolt with a nut on it in his hand and said to appellant, "Come here, you old s-- of a b----," but appellant declined to comply with the request, and turned and walked away. On the morning of the fatal day, the deceased, while sitting on a bench where the workmen checked in, would look at appellant and thumb his nose with both hands at appellant; that on the afternoon of said day when appellant had entered his parked automobile with the purpose of going home, the deceased approached the car and said, "You s-- of a b----, I have got you now, you can't run this time. I am going to kill you if it is the last thing I ever do," then started to go around the car, at which time appellant took a pistol out of the glove compartment of the car, got out of his car, and commanded deceased to stop, whereupon the deceased remarked, "You s-- of a b----, I will make you eat that gun," and started to pull at his shirt and continued to advance toward appellant at which time he shot the deceased.

The deceased did not, in fact, have a weapon of any kind in his hand, nor about his person except a pocket knife which was in his pocket.

The court, in his charge, instructed the jury on the law of murder with and without malice, threats, and self-defense. In paragraph 18 of the charge, the court instructed the jury as follows:

"You are further instructed that where a defendant accused of murder seeks to justify himself on the grounds of threats against his own life, he is permitted to introduce evidence of the threats made, but the same shall not be regarded as affording justification for the offense unless it be shown that at the

time of the homicide the person killed by some act then done manifested an intention to execute the threats so made, if made."

This is a verbatim copy of Art. 1258, P. C., and no valid objection could be urged thereto.

In paragraph 19, the court, in applying the law of threats, instructed the jury as follows:

"Now, if you believe from the evidence that the deceased, Marvin Mayo, made threats to take the life of defendant, J. D. Barkley, or do serious injury to him, the said J. D. Barkley, or, if you have a reasonable doubt thereof and you further believe from the evidence that at the time of the killing the said Marvin Mayo by some act or acts then done, manifested an intention to execute the threats so made, if made, or if you have a reasonable doubt thereof, and cause the defendant to have a reasonable expectation or fear of death or serious bodily injury to himself at the hands of the said Marvin Mayo and that acting under such reasonable expectation or fear the defendant killed the deceased then you must acquit the defendant, or if you have a reasonable doubt thereof then you must resolve such doubt in favor of the defendant and acquit him."

This was an instruction on the law of threats separate and apart from the issue of self-defense.

In paragraph 20, the court, in applying the law of self-defense, instructed the jury as follows:

"Upon the issue of self-defense you are instructed that every person has the right to defend himself against what appears to him, viewed from his standpoint at the time, to be an unlawful attack upon his person and a homicide committed under such circumstances is justifiable. A reasonable apprehension of death, or serious bodily injury will excuse a person in using all necessary force to protect his life or person and it is not necessary that there should be actual danger provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant. Each juror should place himself in the position of the defendant and determine from all of the facts and circumstances as you believe they appeared to him, the defendant, at the time he shot the deceased whether his apprehension or fear of death or serious bodily injury was reasonable."

Appellant's first objection to the court's charge is specifically levelled at paragraph 18 hereinabove set out. He made the following objection thereto: "that it was on the weight of the evidence; that it is too restrictive and deprived him of his right of self-defense based upon threats made to him in person by deceased, which threats reasonably appeared to the defendant to be about to be executed by the deceased at the time by acts then done and words then spoken," but the court limits defendant's right of self-defense alone to some act then done by the deceased and deprives him of the words then spoken, and he requests the court after the words "by some act then done" *to add thereto* "or words spoken." It is quite obvious that paragraph 18 is not subject to the objections addressed thereto since it is a verbatim copy of the statute. It may be that appellant had some other paragraph of the court's charge in mind and through mistake or inadvertence confined his objection to paragraph 18. However, under the law, we must dispose of the question as the same appears in the record. Art. 658, Vernon's Ann. C. C. P., states that the objections to the court's charge shall be in writing, distinctly specifying each ground of objection. If he confines his objection to one certain paragraph and that paragraph is not subject to the objection, this court would not be authorized to apply the objection to other paragraphs to which no such objection was interposed.

Appellant's objection to paragraph 20, in substance, reads as follows: "Defendant specifically excepts to paragraph 20 of the court's main charge and asks the court to strike the last five lines in said paragraph beginning with the words, "each juror" and ending with the words "was reasonable" for the reason that the same was on the weight of the evidence; that it is an instruction to the jury that it is their duty to look at the transaction from what they believe from the evidence was the standpoint of defendant at the time; that said charge leads the jury to believe that they should judge the transaction in the light of what the after developments showed instead of viewing it from defendant's standpoint at the time." In support of his contention, he cites us to the following authorities: Simmons v. State, 55 Tex. Cr. R. 441, (117 S. W. 141) ; Castro v. State, 146 S. W. 553; and Kirklin v. State, 164 S. W. 1016. We have examined those authorities and in each instance the court instructed the jury as follows: "It is your duty to look at the transaction from what *you* believe from the evidence was the standpoint of the defendant at the time of the homicide." The court, in discussing the charge, said the jury may have inferred that they would judge the transaction from what the after developments

disclosed to be the real facts and would not determine the question of danger under the circumstances as they appeared to appellant at the time.

In the instant case, the court instructed the jury as follows: "Each juror should place himself in the position of the defendant and determine from all the facts and circumstances as you believe they appeared to the defendant at the time he shot the deceased as to whether his apprehension or fear of death or serious bodily injury was real." How else could the jury determine the issue except from all the facts and circumstances as they believed they appeared to the defendant at the time he shot the deceased? The facts and circumstances as they existed at the time were related to the jury by appellant in order that they might determine how it appeared to him viewed from his standpoint. We do not believe the charge complained of is subject to the same criticism as those cited by appellant. We believe that the doctrine announced in the following cases supports the opinion here expressed. See Broussard v. State, 137 Tex. Cr. R. 273 (129 S. W. (2d) 295); Fisher v. State, 146 Tex. Cr. R. 16 (170 S. W. (2d) 773); and Williams v. State, 147 Tex. Cr. R. 178 (179 S. W. (2d) 297).

Appellant urged the same objection to paragraph 21 as he did to paragraph 20 and asked that paragraph 21 be eliminated from the court's charge. In our opinion, that paragraph of the charge is not subject to the objection addressed thereto.

He also objected to paragraph 22 and asked that it be deleted from the charge because in the first part of said paragraph he applies the law of self-defense to the facts whereas in the latter part thereof he, the court, took all such rights away from him and closes with the language "then you will find against him on his plea of self-defense." He claimed in the court below and in this court that it not only limited his right of self-defense but would lead the jury to conclude that in the opinion of the court, the right of self-defense should be denied, etc. We have read said paragraph of the court's charge with care and have reached the conclusion that the first part of the paragraph was an application of the law of self-defense to the facts and the last part thereof was the converse thereof, or rather a submission of the state's theory. In support of the opinion here expressed, we refer to the following authorities: Johnson v. State, 125 Tex. Cr. R. 381 (68 S. W. (2d) 202); Logan v. State, 46 Tex. Cr. R. 575 (81 S. W. 721); Neyland v. State, 79 Tex. Cr. R.

652 (187 S. W. 196) ; and Branch's Ann. P. C., Sec. 1942, where many cases are cited.

In paragraph 23 the court gave the jury an unlimited and unrestricted charge on the right of self-defense which paragraph reads as follows:

"You are further instructed that in determining the existence of real or apparent danger it is your duty to consider all of the facts and circumstances in the case in evidence before you and consider the words, acts and conduct, if any, of the deceased at the time of and prior to the time of the killing and consider whatever threats, if any, the deceased may have made to the defendant and consider any difficulty or difficulties which the deceased had had with the defendant and you may consider the relative strength and size of the parties at the time of the killing."

By Bill of Exception No. 5 he complains because the court declined to instruct the jury that if appellant had a legal right to fire the first shot then he had a right to continue to shoot until all danger had ceased to exist. In our opinion, such a charge was not called for by the facts in this case because (a) the parties had not changed positions from the time the first and last shots were fired except that the deceased had fallen forward, (b) the three shots were fired in rapid succession. We are not unmindful of the fact that there are cases wherein this court held that under certain peculiar facts such a charge should be given, but we do not think that the facts in the instant case require such a charge. See Walker v. State, 98 Tex. Cr. R. 663 (267 S. W. 988) and cases there cited.

Appellant's next complaint relates to the court's action in declining to submit his special requested charge to the effect that if the deceased had threatened to take the life of defendant, he would have a right under the law to arm himself for the purpose of protecting his life, or to incorporate one of like import in his main charge. In paragraph 23 the court gave a charge on the law of self-defense without any limitations or restrictions whatever, therefore, it was not necessary to submit appellant's special requested charge on the subject. See Branch's Ann. P. C., Sec. 1950, where many cases are cited.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that in submitting self-defense based upon threats, the trial court should have told the jury that in determining whether the deceased was doing *some act* showing an intention to execute the threat, his *words* in connection therewith should also have been included in the charge.

Paragraph 18 of the court's charge is as follows:

"You are further instructed that where a defendant accused of murder seeks to justify himself on the grounds of threats against his own life, he is permitted to introduce evidence of the threats made, but the same shall not be regarded as affording justification for the offense unless it be shown that at the time of the homicide the person killed by some act then done manifested an intention to execute the threats so made, if made."

It is noted that said instructions is a copy, in part, of Art. 1258, P. C. In paragraph 19 of the charge, the court applied the law as stated generally in paragraph 18. No exceptions were addressed to paragraph 19 but only to paragraph 18, and then upon the ground that it deprived the appellant of consideration of the *words* used by the deceased in connection with his acts, and "requests the court after the words, page 4, paragraph 18, 'by · some act then done' to there add the words, 'or words spoken.' " It will thus be seen that by the objection the trial court was specifically directed to paragraph 18, and in effect wanted the court to supplement the statute by adding thereto the words indicated. Neither the trial court nor this court has the power to legislate and read into a statute something which the legislature has omitted therefrom.

The application of what is now Art. 1258, P. C., has been considered many times. In Clark v. State, 51 Tex. Cr. R. 519, 102 S. W. 1136, this court said, "We do not believe the statute can be well improved on in this respect, and, where a right is given in the language of the statute, it is generally best to follow this language, and not attempt to improve on it." In Bayer v. State, 96 Tex. Cr. R. 310, 257 S. W. 242, is the following statement regarding this same statute, "We think it always better in charging upon this subject to follow the language of the statute." Other cases holding that an instruction on the subject of threats was sufficient if in the language of Art. 1258, P. C., are Broussard v. State, 137 Tex. Cr. R. 273, 129 S. W.

(2d) 295; Johnson v. State, 140 Tex. Cr. R. 145, 143 S. W. (2d) 771; Williams v. State, 147 Tex. Cr. R. 178, 179 S. W. (2d) 297; and Fisher v. State, 148 Tex. Cr. R. 133, 185 S. W. (2d) 567.

The court not only instructed upon the law of self-defense based upon threats, but also upon self-defense generally. Upon self-defense generally, the court advised the jury that appellant had the right to act upon real or apparent danger, and if appellant reasonably believed that the deceased was making or about to make an attack upon appellant which from his standpoint caused him to have a reasonable apprehension or fear of death or serious bodily injury and appellant killed deceased under such circumstances to acquit him. The court then gave the following additional charge:

"You are further instructed that in determining the existence of real or apparent danger it is your duty to consider all of the facts and circumstances in the case in evidence before you and consider the words, acts and conduct, if any, of the deceased at the time of and prior to the time of the killing and consider whatever threats, if any, the deceased may have made to the defendant and consider any difficulty or difficulties which the deceased had had with the defendant and you may consider the relative strength and size of the parties at the time of the killing."

When considered in its entirety the trial court's charge appears to have given the appellant the benefit of every right to which he was entitled.

Appellant's motion for rehearing is overruled.