Johnny R. **RODRIQUEZ**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–194–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 6, 1982.

Rehearing Denied Nov. 10, 1982.

Discretionary Review Granted Feb. 2, 1983.

Tom E. Hill and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellees.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

Johnny R. Rodriquez appeals his conviction of murder. He was found guilty in a jury trial which assessed punishment at 25 years in the Texas Department of Corrections.

We affirm.

At approximately 9:00 p.m. on September 9, 1979, David Torres was shot and killed at the Koffee Kup Tavern in Fort Worth.

The defendant testified that he went to the tavern to collect on a football pool, and that he was armed with a gun which he had taken from his home.

Gloria Rodriguez, a waitress at the Koffee Kup, testified that she was there at the time of the incident and heard an argument between the deceased and the defendant and saw the defendant (Johnny) hit the deceased. She further testified that she observed the defendant's son, Gilbert, pull a gun and tell everyone around to stay out of the fight. She recalled seeing defendant pull a gun and heard a shot, then heard someone say, "They have done it. They have come to do what they wanted."

Juan Ruiz was also at the tavern at the time of the shooting and testified that the defendant tried to start a fight with the deceased and hit him in the face. The fight continued and the defendant's son, Ralph, intervened on the part of his father. Ruiz saw Gilbert Rodriquez pull a gun, but at no time observed the deceased with a weapon. He said the deceased quit fighting, and when Ralph and Robert Rodriquez, defendant's son-in-law, put him against the wall, defendant pulled out a gun and shot the deceased.

Gilbert Gutierrez testified that he saw the defendant walk up to the deceased and start talking to him, and then he saw the defendant hit the deceased and the deceased hit him back. Then Gutierrez saw defendant's son, Gilbert, pull a gun and heard him say, "Don't anyone move." Gutierrez then heard a shot and saw defendant with a chromeplated object in his hand.

Gutierrez further testified that he never heard the deceased make any threats to the defendant nor saw the deceased with any weapon.

Juan Moreno, manager of the Koffee Kup testified that defendant came over to the deceased's table and asked him if he was afraid of him. The deceased said he wasn't, and defendant asked him if he wanted to fight. Then the defendant hit the deceased and shot him.

The police officer on the scene testified that she found the weapons in the area.

Gloria Garcia, defendant's daughter, testified that her father called her to come to his house. When she arrived she found he was bloody and beaten and she cleaned a cut on his left hand.

Ralph Rodriquez, defendant's son, testified that he observed the deceased and the defendant fighting and that he got into the fight also. He said he heard his father say, "Watch out for the knife", and his own tee shirt was cut. He heard the shot, but did not see his father shoot the deceased.

Defendant's other son, Gilbert, testified that he saw the fight between the deceased and the defendant, but did not hear the conversation between them prior to the fight. He testified that he did not see the shooting.

The defendant testified that the deceased motioned defendant over to his table and threatened him. He said the deceased then hit him and they began to fight. He claimed that the deceased pulled a knife and cut him on the left hand. At that time defendant pulled his gun. His testimony was that he shot the deceased to protect the lives of his son and himself.

By his first ground of error defendant contends it was error for the trial court to refuse to submit his requested charge on the jury's consideration of relative size, weight and strength of the deceased and defendant.

The court submitted a self-defense charge and limited it by a "provoking the difficulty" charge.

Where a self-defense charge is limited by a "provoking the difficulty" charge it has been held to be error to refuse to submit a relative weight, size and strength charge. *Smith v. State,* 411 S.W.2d 548 (Tex.Cr.App. 1967).

Whenever a requirement in the court's charge has been disregarded, the judgment shall not be reversed unless the error was calculated to injure the rights of the defendant or that the defendant has not had a fair and impartial trial. V.A.C.C.P. 36.19.

The judgment in the *Smith* case was reversed on other grounds; specifically, the charge did not apply the law to the facts, was not worded as to prevent the jury from misapplying the law, and was not written in such manner that it would inform the jury of the nature and quality of the act which would operate to limit the right of self-defense in the "provoking the difficulty" part of the charge.

A review in this case reveals that the instruction on relative weight, size and strength was sufficiently covered in other portions of the charge where the jury was instructed to view self-defense from defendant's point of view as it reasonably appeared to him at the time. Relative weight, size and strength are matters considered in determining reasonableness of the defendant's actions from his point of view.

█ In addition, the charge directed the jury to consider all facts and circumstances in evidence, including threats and difficulties. To single out and place emphasis on one set of facts placed in evidence may constitute a comment on the weight of the evidence. *Bell v. State,* 582 S.W.2d 800 (Tex.Cr.App.1979).

█ We find the charge, as a whole, sufficiently addressed consideration of all the evidence, including the relative weight, size and strength of the parties. Appellant's first ground of error is overruled.

By his second ground of error appellant alleges the trial court erred in submitting to the jury the "provoking the difficulty" charge. He contends that there was no

evidence to support the charge, that the only question for determination is who made the first attack.

■ The elements of provoking the difficulty are the intent to provoke, and an act or words, or both, calculated to provoke. In addition, the court must, in applying the converse portion of the charge, include an application of the rule of reasonable doubt. McClung, Paul J., Charges for Criminal Practice (January 1981).

■ A charge on provoking the difficulty is a limitation on the right of self-defense. It is designed to prevent a person from intentionally provoking another to violence, then using that violence as an excuse to retaliate. *Muckleroy v. State,* 165 Tex. Cr.R. 629, 310 S.W.2d 315 (Tex.Cr.App. 1958).

The appellant cites *Stanley v. State,* 625 S.W.2d 320 (Tex.Cr.App.1982). In that case there was no evidence that defendant made any motion, spoke any words or performed any act prior to the alleged homicide which caused the alleged victim to first attack defendant thereby furnishing defendant with a pretext for killing him.

In the instant case there was evidence introduced that appellant had threatened to kill the deceased on a prior occasion, indicating previous animosity. In addition, there is evidence that appellant took a gun to the tavern and verbally attempted to initiate a fight with the deceased. The jury was authorized to take into consideration the testimony as to the transaction in the tavern, the appellant's conduct, and other facts in evidence in order to determine whether the elements were present to constitute a charge on provoking the difficulty.

■ We find the evidence sufficient to show calculated intent to provoke the deceased into a fight in which the defendant could use a gun and carry out his threat. He could then argue self-defense, as he did, but the ultimate conclusion thereupon was for the jury.

Appellant's second ground of error is overruled.

By his third ground of error appellant contends that the trial court erred by failing to sustain the appellant's objection to a photograph that had been cropped so as to reveal the silhouette of a small child being held in the lap of the deceased since this had no probative value and served only to prejudice the jury.

■ A photograph is admissible and is competent evidence of those things of which it is material and relevant for a witness to give a verbal description. *Terry v. State,* 491 S.W.2d 161 (Tex.Cr.App.1973). Its admissibility is within the sound discretion of the trial judge unless offered solely to influence the minds of the jury. *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972).

In this case there was no showing of any inflammatory effect on the jury caused as a result of the picture, or that it was offered solely for that purpose. It is conceivable that an observer would not even consider the identity of the silhouetted object in examining the photo for purposes of identifying the deceased.

■ There could have been so little prejudicial effect caused by the photo that admission into evidence could not have constituted an abuse of discretion.

Appellant's third ground of error is overruled.

Appellant argues in his fourth ground of error that the trial court erred in refusing to admit appellant's mitigation evidence at the punishment phase of the trial.

The testimony at issue was offered by Dr. Windell Dickerson, chief of Psychological and Mental Health Services for the Texas Department of Corrections.

The trial court agreed to allow testimony as to the tests given to defendant and their results, as to whether he could be rehabilitated, and as to whether he was found to be of good moral character. The testimony which the trial court refused to allow included how many sociopaths are in the Texas Department of Corrections and what effect they might have on defendant. He also refused to allow testimony as to medical conditions in the Texas Department of

Corrections or his recommendation as to whether defendant should be incarcerated.

■ The determination of whether to admit or exclude evidence lies within the sound discretion of the trial court and will not be reversed unless clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Cr.App.1976).

*Stiehl v. State*, 585 S.W.2d 716 (Tex.Cr.App.1979), a case which concerned pre-trial as opposed to post-trial confinement, states that the factors which can be introduced in mitigation which are judicially created should include a relationship to the circumstances of the offense itself or to the defendant himself before or at the time of the offense. That court further stated that factors which arose after the offense and independently of the defendant are not admissible in mitigation of punishment.

In *U.S. v. Cavazos*, 530 F.2d 4 (5th Cir. 1976) the court held that a statistical approach to premise the imposition of a sentence injects hypothetical extraneous considerations into the sentencing process and contradicts the judicially approved policy of individualizing sentences tailored to fit the offender.

■ We hold that the trial court did not abuse its discretion in its refusal to admit the requested mitigation evidence.

Appellant's fourth ground of error is overruled.

By his fifth ground of error appellant contends that the trial court erred in prohibiting the voir dire examination of the jury panel regarding their drinking habits.

The court allowed inquiry only as to whether members of the jury panel had any prejudices with regard to drinking alcohol.

■ Appellant argues that the requested inquiry was offered to ascertain the jurors' knowledge of the effects of alcohol. The effects of the use of alcohol are commonly known and there is no need to require a juror to have personal experience in order to evaluate the evidence.

■ The propriety of any question during the voir dire is left to the discretion of the trial court and abuse will be found when a proper question about a proper area of inquiry is prohibited. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974). Using this guideline as a standard the ground of error would be one proper to be overruled.

Appellant's fifth ground of error is overruled.

By his sixth ground of error appellant contends that the trial court erred in denying appellant's Motion for Continuance.

Appellant sought to obtain the testimony of Jerry Murad, his former attorney, for an explanation of what happened to his gun after the shooting, and to show the casual attitude of the Fort Worth Police about appellant's being a dangerous person.

The Court allowed the testimony in affidavit form and denied appellant's request to continue the trial until Murad would be available to testify.

■ Denial of a Motion for Continuance is within the sound discretion of the trial court, and in order to reverse, the record must show that the evidence was material to the case and that appellant was prejudiced by the inability to produce it. *Leach v. State*, 548 S.W.2d 383 (Tex.Cr.App.1977).

■ In this case the State agreed to stipulate to the matters in the affidavit so no prejudice was shown. There were other witnesses who could have testified to portions of the information sought by defendant. In addition, appellant testified that he used his gun to kill Torres, so further information from Murad was not material to the case.

Appellant's sixth ground of error is overruled.

By his seventh ground of error appellant contends that the trial court erred in failing to place in a logical and reasonable sequence that portion of the charge containing instructions to the jury relative to finding the defendant not guilty if there is a reasonable doubt as to guilt of murder or involuntary manslaughter.

The language on reasonable doubt was located after the self-defense and "provoking the difficulty" charge instead of following the involuntary manslaughter charge.

On appeal a charge is viewed as a whole and isolated portions which are alleged to be confusing will not be separately considered. *Bailey v. State,* 532 S.W.2d 316 (Tex.Cr.App.1975).

Appellant cited no authority for the proposition that paragraphs must be logically arranged, nor was there any showing that the arrangement caused prejudice or harm to him.

Appellant's seventh ground of error is overruled.

By his eighth ground of error appellant contends that the trial court erred in allowing the prosecutor to argue to the jury that defense counsel had deceived the jury.

He argues that by such argument there was an implication that his defense attorney had manufactured or rehearsed appellant's testimony and thereby sought to inflame the jurors' minds.

In light of the record as a whole, the language complained of must be manifestly improper, harmful, and prejudicial. *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr. App.1979).

Upon review of the record, this court finds no impropriety in the prosecutor's argument which would constitute reversible error.

Appellant's eighth ground of error is overruled.

Judgment affirmed.