OPINION
NYE, Chief Justice.
This is an appeal from a conviction for the offense of attempted voluntary manslaughter in which the jury assessed punishment at eight years’ confinement and a $3,000 fine. Appellant does not challenge the sufficiency of the evidence to support the conviction. We affirm.
Appellant brings a multifarious ground of error contending that the trial court erred in refusing to grant a mistrial due to what he characterizes as the suppression of exculpatory evidence, and the state’s reliance on perjured testimony. He also argues that the trial court erred during the punishment phase of the trial by refusing to admit testimony which contradicted that of the state’s witnesses regarding the amount of beer consumed by these witnesses on the night in question.
The following facts are relevant to this appeal. Late on the night of May 1, 1983, in Crystal City, Zavala County, Texas, the victim and several friends (including Rosalinda Barajos, Roberto Limones and Aaron McNeil) were “hanging out” in the parking lot of a neighborhood grocery store. Appellant and a friend arrived and went into the grocery store to play video games. When appellant came out of the store, he had a heated argument with the victim, and the two began to fight. There is conflicting evidence as to who started the fight and whether .others joined in. Appellant fled from the parking lot, and the victim and his friends pursued, but lost him. A short time later, while the victim and friends were parked in the parking lot of a nearby church, appellant arrived with a shotgun in hand. After a brief argument, appellant shot the victim at close range.
In response to questions by defense counsel, on cross-examination each of the state’s witnesses (the victim and several of his friends present either at the grocery store or at the shooting) admitted that they had been drinking beer that night. Rosalinda Barajos testified that the victim and his friends had been “drinking a little bit.” Roberto Limones stated that they had “about three beers or less.” Aaron McNeil agreed when asked if they had had “a few drinks.” The victim testified that he had “just about two beers” that night.
Appellant contends that the state’s witnesses lied about how much alcohol they had had to drink that evening. During the punishment phase of the trial, the defense proffered the testimony of Robert Vargas (a friend of the victim who had been with *497 the victim that evening and was present during the fight). Vargas testified (on bill of exception) that the state’s witnesses all drank much more beer that evening than they had admitted in court. Specifically, he stated that the victim actually had seven or eight beers before the fight. Vargas admitted that he had not told the police the amount of beer they had consumed.
In his brief, appellant’s counsel (at trial and on appeal) states that Vargas approached the prosecutor with this information the morning before trial, but that Vargas did not tell him about it until sometime that afternoon, after the jury found appellant guilty, but before the punishment phase of the trial. The record, however, is not so clear as to the sequence of events or as to when the prosecutor learned of this information.
The trial court refused to admit Vargas’ testimony during the punishment phase of the trial. Appellant made a bill of exceptions and moved for a mistrial based on the suppression of Robert Vargas’ testimony and the state’s reliance on perjured testimony. The motion for mistrial was denied.
It is a violation of due process that requires reversal if a prosecutor actively suppresses evidence which might exonerate an accused or be of material importance to his defense. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963); Means v. State, 429 S.W.2d 490, 494 (Tex.Crim.App.1968). Reversible error also occurs if a prosecutor negligently or inadvertently fails to disclose evidence which is beneficial to the defense. Means v. State, 429 S.W.2d at 494; Allen v. State, 658 S.W.2d 642, 646 (Tex.App.—Amarillo 1983, no pet.). This prohibition applies even though the evidence only goes to the credibility of a witness because generally a jury’s estimate of the truthfulness and reliability of a witness may be determinative of guilt or innocence. Burkhalter v. State, 493 S.W.2d 214, 218 (Tex.Crim.App.1973), cert. denied, 414 U.S. 1000, 94 S.Ct. 354, 38 L.Ed.2d 236 (1973).
It appears from the record that the prosecutor was not aware of this testimony until just prior to or during the trial, and he did not disclose it to defense cousel. Appellant’s attorney apparently did not learn of this information until after the jury had found appellant guilty. These facts only establish that the state failed to disclose some type of information to the defense.
To make a case under Brady, the appellant is required to prove the “suppressed” evidence was material to his defense. Brady, 373 U.S. at 87, 83 S.Ct. at 1196; Crutcher v. State, 481 S.W.2d 113, 116 (Tex.Crim.App.1972). Appellant argues Vargas’ testimony was material as it would have served to impeach the credibility of the state’s witnesses, apparently on the theory that if they lied about how much beer they consumed that night over a year before, they might also lie about having seen appellant shoot the victim at close range with a shotgun.
The test to be applied in cases of prosecutorial suppression of evidence is whether the testimony may have had an effect on the outcome of the trial. Napue v. Illinois, 360 U.S. 264, 272, 79 S.Ct. 1173, 1178, 3 L.Ed.2d 1217 (1959); Love v. State, 533 S.W.2d 6, 9 (Tex.Crim.App.1976); Means, 429 S.W.2d at 494. In the instant case, even if this testimony had been admitted and had been believed by the jury, it was not inconsistent with the state’s case and was very unlikely to have affected the determination of guilt. See Means, at 495.
On cross-examination during the penalty stage of the trial, appellant, himself, admitted shooting the victim. Prosecutor: “Isn’t it a fact that you intentionally and knowingly shot Joe Flores?” Appellant: “Yep, I shot him, but — .” Prosecutor: “You shot him in the chest, didn’t you?” Appellant: “Yes.”
It has long been held that evidence presented at the punishment phase may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense. DeGarmo v. State, 691 S.W.2d 657, 661 (Tex.Crim.App.1985). Thus, we may look to the evidence in the penalty stage of the trial in deter *498 mining whether this nondisclosure by the state may have affected the outcome of this trial.
Considering the eye-witness accounts of the shooting and the appellant’s own confession at the penalty phase, we characterize the evidence against appellant as overwhelming. In light of this overwhelming evidence of appellant’s guilt, the possibility that the state’s witnesses might have had seven or eight beers that night, instead of two or three, was not material to the defense in this case.
Appellant cites Crutcher v. State, 481 S.W.2d 113, in support of his position. That case is distinguishable from the present case in an important respect. In Crutcher, the prosecution suppressed the testimony and report of a police officer who had interviewed the state’s witness to the defendant’s presence at the scene of the crime. The police officer’s report reflected that this witness gave the officer a significantly different description of the man she saw than she gave at trial. The credibility of the state’s witness was essential to the state’s case because her testimony was the only corroboration of the state’s accomplice witness’ testimony. The suppression of evidence which impeached this witness’ testimony was held to be reversible error. The undisclosed evidence in the case at bar does not impugn the credibility of the state’s witnesses to the same degree as in Crutcher, and does not relate to such an important issue in the case.
We hold that the disclosure of this information would not have exonerated appellant or materially affected the punishment imposed. Based upon this record, the suppression of this testimony was not so prejudicial as to constitute a denial of due process and require a reversal.
Additionally, appellant contends that the testimony of Robert Vargas shows that the state’s witnesses lied about the quantity of beer they consumed on the night in question, and, thus, the state relied on perjured testimony to obtain this conviction. The state is not allowed to obtain a conviction through the use of perjured testimony. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217; Means v. State, 429 S.W.2d 490, 494 (Tex.Crim.App.1968). It is reversible error if a prosecutor presents a false picture of facts by failing to correct the state’s testimony when it becomes apparent that it is false. Napue, 360 U.S. at 269, 79 S.Ct. at 1177; Luck v. State, 588 S.W.2d 371, 373 (Tex.Crim.App.1979); Means, 429 S.W.2d at 494.
Robert Vargas’ testimony, however, was not evidence that the state’s witnesses perjured themselves. It only showed that the witnesses to the events on the night in question disagreed on a minor point. While Vargas’ testimony contradicted that of the state’s witnesses to some degree, it can hardly be characterized as proof of perjury.
Finally, appellant argues that the trial court erred in refusing to admit, during the punishment phase of the trial, the testimony of Robert Vargas because: (1) it involved the facts and circumstances surrounding the occurrence; and (2) it would have allowed the jury to evaluate the credibility of each witness’ testimony on this matter. Appellant cites no authority for this contention.
In order to resolve this question, we must determine what evidence is properly admissible before a jury at the punishment phase of a trial. TEX. CRIM.PROC. CODE ANN. art. 37.07(3)(a) (Vernon 1981) provides that evidence regarding the defendant’s prior criminal record, general reputation and character are admissible at this stage of the trial. In addition, “[ejvidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible.” Allaben v. State, 418 S.W.2d 517, 519 (Tex.Crim.App.1967).
What constitutes admissible mitigating evidence is defined either by statute or by case law. Stiehl v. State, 585 S.W.2d 716, 718 (Tex.Crim.App.1979), cert. denied, 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981). Our research reveals no authority *499 characterizing evidence which tends to impeach the credibility of the state’s evidence in its case-in-chief as a mitigating factor admissible at the punishment phase of the trial. Appellant’s brief alludes to TEX.PENAL CODE ANN., § 19.06 (Vernon 1974). Section 19.06 provides that all relevant facts and circumstances surrounding a murder or voluntary manslaughter are admissible. In this case, however, no one died, and appellant was not tried for either murder or voluntary man-slaughter. Section 19.06 is not applicable in this instance. See Humphrey v. State, 646 S.W.2d 949 at 951 (Tex.Crim.App.1983). Cf. Brazile v. State, 497 S.W.2d 302, 304 (Tex.Crim.App.1973).
Authority exists for the proposition that all the facts and circumstances surrounding the commission of the offense are admissible in determining punishment in other than murder and voluntary manslaugh ter cases. See Williams v. State, 535 S.W.2d 637, 639 (Tex.Crim.App.1976); Thompson v. State, 310 S.W.2d 108, 111 (Tex.Crim.App.1958); Sims v. State, 240 S.W.2d 297, 301 (Tex.Crim.App.1951). These cases are also inapplicable to the instant case because they each involve an objection to the state’s introduction of evidence concerning the acts of the defendant during the crime. Here, appellant objects to the exclusion of evidence which might tend to impeach the credibility of the state’s witnesses. Such impeachment evidence might be collateral testimony regarding appellant’s guilt, but would be of no import in determining punishment so as to require reversal.
The determination of whether to admit or exclude evidence lies within the discretion of the trial court and will not be reversed unless a clear abuse of discretion is shown. Rodriguez v. State, 641 S.W.2d 669, 674 (Tex.App.—Fort Worth 1982, pet. granted) (a murder case). The excluded testimony of this witness went only to a collateral issue in this case and did not contradict the eyewitness accounts of the shooting. See Allaben v. State, 418 S.W.2d at 519. We hold that the trial court did not abuse its discretion in refusing to admit the testimony of Robert Vargas.
Finding no reversible error, the judgment of the trial court is affirmed.