Johnny R. RODRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1013–82.

Court of Criminal Appeals of Texas, En Banc.

May 28, 1986.

Allan K. Butcher, Tom E. Hill, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Michael Jergins and Joe C. Lockhart, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of murder and sentenced to twenty-five years' incarceration in the Texas Department of Corrections.

The Fort Worth Court of Appeals decided that appellant's request for a relative size, weight and strength paragraph in the court's charge to the jury was properly denied, even though the self defense charge included was limited by a "provoking the disturbance" charge.[1] *Rodriquez v. State*, 641 S.W.2d 669 (Tex.App.—Ft. Worth 1982). We granted appellant's petition for discretionary review in order to determine whether the trial court erred in not granting appellant's requested charge on relative size, weight and strength.[2]

On September 9, 1979, appellant shot and killed David Torres at the Koffee Kup Tavern in Fort Worth. Witnesses for the State testified that an argument between appellant and Torres erupted into a fight. Appellant's son pulled a gun to keep people from interfering. The fight resulted in appellant fatally shooting Torres. Several State's witnesses also testified that appellant struck the first blow.

Witnesses for the defense testified that after the fight broke out between appellant and Torres, Torres pulled a knife and cut appellant. Appellant then shot Torres in self-defense.

There was also testimony showing that the deceased was significantly larger and younger than appellant.

■ In the trial court's charge to the jury a paragraph on appellant's self-defense theory was included. As a restriction on that self-defense paragraph the court also included a paragraph on "provoking the difficulty."[3] Appellant requested a charge on relative size, weight and strength which was denied.

The Court of Appeals determined that, although such a denial was held to be error in *Smith v. State*, 411 S.W.2d 548 (Tex.Cr. App.1967), it was not error in the instant case. The Court of Appeals based its decision on several grounds: first, that *Smith*, supra, was reversed on other grounds; second, that appellant's requested charge was adequately covered in other portions of the charge; and third, that such a charge would be an impermissible comment on the weight of the evidence. We agree with the Court of Appeals and hold that it was not error to refuse appellant's requested charge on relative size, weight and strength.

As the Court of Appeals points out, the court's charge includes numerous references which adequately cover appellant's request. The charge describes self-defense as justified deadly force against another "when he reasonably believes that such deadly force is immediately necessary to protect himself...." "Reasonable belief" is defined as a "belief that would be held by an ordinary and prudent person in the same circumstances as defendant." The charge also includes paragraphs reading in part:

... the law excuses or justifies such person in resorting to deadly force by

---

1. The court's charge reads in part:

   You are further instructed as part of this case, and as a qualification of the law on self defense, that the use of force by a Defendant against another is not justified if the Defendant provoked the other's use or attempted use of unlawful force.

2. The record reflects that appellant requested a charge reading:

   You are instructed that you may consider the relative size and weight of David Torres and Johnny Rodriquez in this case.

3. See n. 1, supra.

any means at his command to the degree that he reasonably believes immediately necessary viewed from his standpoint at the time. . . .

and

You are instructed that in determining the existence of real or apparent danger, it is your duty to consider all of the facts and circumstances in the case in evidence before you and consider the words, acts, and conduct, if any, of David Torres at the time of and prior to the time of the alleged assault and consider whatever threats if any the said David Torres may have made to the Defendant and consider any difficulty or difficulties which the said David Torres had with Defendant, and in considering such circumstances, you should place yourselves in Defendant's position at the time and view them from his standpoint alone.

The court's charge in the instant case clearly covered the essence of appellant's requested charge by instructing the jury to consider all the evidence as viewed by appellant.

■ Further, even if the court's failure to give appellant's requested charge can be said to constitute error, appellant was not harmed by the failure. As mentioned, the charge includes numerous references which adequately cover appellant's request. In light of the given charge we hold that the failure to include appellant's requested charge was not "calculated to injure the rights of the defendant" and did not harm appellant. See *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984).

Accordingly, the judgment of the Court of Appeals is affirmed.

TEAGUE, Judge, concurring.

The flaw in the opinion by the Fort Worth Court of Appeals, see *Rodriquez v. State*, 641 S.W.2d 669 (Tex.App.—Ft. Worth 1983), and the majority opinion by this Court, in holding that the trial court did not err in granting the instruction requested by Johnny R. Rodriquez, herein-after referred to as the appellant, to-wit: "You are instructed that you may consider the relative size and weight of David Torres [the deceased] and Johnny Rodriquez (the defendant) in this case," lies in the fact that neither opinion discusses the effect that the New Penal Code changes had on the provisions of the Old Penal Code that related to homicide and justifiable homicide.

The law previously in effect gave a citizen of this State the almost absolute right to kill another human being, provided, inter alia, that the person killed was in the act of committing murder, rape, robbery, maiming, disfiguring, castration, arson, or burglary and theft at night. See 1925 Penal Code, Art. 1222. The only real limitation was that "It must reasonably appear by the acts or by words coupled with the acts of the person killed that it was the purpose and intent of such person to commit one of the offenses above named." Art. 1222(1), supra.

Self-defense of one's person or property was actually part of this law. See Art. 1221 (1925 Penal Code), which provided: "Homicide is permitted in the necessary defense of person or property, under the circumstances and subject to the rules herein set forth."

In sum, if from the defendant's standpoint the danger reasonably appeared to him, by the acts or by words coupled with the acts of the person killed, that it was the purpose and intent of such person to commit one of the above offenses, then the defendant was given the lawful right to kill that person. If the person killed attacked or threatened to attack the defendant, then the law provided that the defendant would have the right of self-defense, and, if there was created in the mind of the defendant a reasonable expectation of fear of death or of serious bodily injury, then the law would further excuse or justify the defendant in resorting to any means at his command to prevent his assailant from taking his life or inflicting serious bodily injury. However, if it did not reasonably appear to the defendant that he was in any danger of death

or serious bodily injury at the hands of the deceased, then the jury was not bound by the law of self-defense. Furthermore, if the difficulty was provoked by the defendant with the intent to kill or inflict serious bodily injury, the homicide was murder, although the defendant might have been forced to kill to save his own life. There was also no duty to retreat in order to avoid the necessity of killing one's assailant. For further discussion on this enlightened era in our law, see 4 *Branch's Annotated Penal Code* (Second edition 1956).

On January 1, 1974, when the New Penal Code became effective, much of what had previously been written on the above was "deep-sixed" by our Legislature, in attempts, perhaps as Judge Mc Cormick recently put it, to bring this State into the twentieth century:

> ... We should wait no longer to be dragged, kicking and screaming into the twentieth century; we should make the expedition voluntarily. The Legislature recognized this with the passage of the new Penal Code in 1973. After ten years, this Court should now give proper meaning to those intendments. *Banks v. State*, 656 S.W.2d 446, 447 (Tex.Cr.App. 1983) (Mc Cormick, J., dissenting opinion).

Nevertheless, what actually gave birth to the rule that if the trial court limited the right of self-defense the defendant was entitled to a special instruction on relative size and strength was the fact that this Court did not want the jury to wrongly convict an individual who had exercised any possible lawful right that he had in killing another human being. Jury charges were viewed with extreme caution. That, of course, is no longer true, as recently seen in *Werner v. State*, 711 S.W.2d 639 (Tex. Cr.App.1986).

The importance of a charge that told the jury that it could consider the relative size and strength of the parties at the time of the killing was found in the fact that, in determining the existence of real or apparent danger from the viewpoint of the de-

fendant, how the jury might view the facts from the defendant's viewpoint could be crucial to whether it found that the defendant was justified in killing his assailant. See, for example, *Barkley v. State*, 152 Tex.Cr.R. 376, 214 S.W.2d 287 (1948).

Because it was an Old Penal Code case, *Smith v. State*, 411 S.W.2d 548 (Tex.Cr. App.1967), correctly held that because the charge on self-defense was restricted, the trial court erred in that cause by not charging on the relative size and strength of the parties. Also see *Powers v. State*, 396 S.W.2d 389 (Tex.Cr.App.1965); *Leonard v. State*, 169 Tex.Cr.R. 147, 332 S.W.2d 562 (1960); *Gilbert v. State*, 170 Tex.Cr.R. 335, 340 S.W.2d 808 (1960); *Barkley v. State*, 152 Tex.Cr.R. 376, 214 S.W.2d 287 (1948); *Garello v. State*, 31 Tex.Cr.R. 56, 20 S.W. 179 (Ct.App.1892). Also see the cases collated under *West* criminal law key 341.

Thus, when *Smith v. State*, supra, was decided, the Old Penal Code was in effect. *Smith* properly decided the issue. However, because of the New Penal Code, *Smith* now more closely resembles a dinosaur.

Furthermore, since this Court's decision of *Almanza v. State*, 686 S.W.2d 157 (Tex. Cr.App.1984), and its progeny, a jury charge "just ain't what it used to be."

Believing that the New Penal Code destroyed the right to have the jury specially instructed on the relative size and strength of the assailant, I concur in the holding that no error occurred when the trial judge did not give the appellant's requested charge on this point. Furthermore, because the requested charge is, standing alone, so incomplete, it amounts to a comment on the weight of the evidence.